OTIS H. KELTON & CO. *v.* A. L. MONTAUT.

Where a person authorized to take a deposition by Commission, signed his citation as Justice of the Peace, and the party cited attended at the taking, it being objected that it did not appear by the citation that said Justice was acting as commissioner, *held*, that the objection, if valid, was waived by the appearance of the party.

It is not necessary that a Justice of the Peace, who takes a deposition under a Commission, and issues his citation and makes his return as a Justice of the Peace, should be sworn as a Commissioner.

A deposition taken in a case, which was continued upon payment of costs, while said costs still remained unpaid, may be used, the neglect to pay costs not operating a nonsuit unless an order to that effect is obtained from the Court.

AN action for damages for breach of contract. On the trial of this case the plaintiffs offered the deposition of Uriah B. Wilkins. The deposition was taken, during the sitting of the Court at the last term, under a commission issued under the 14th section of " An act authorizing and regulating the taking of depositions." The commission was directed to Willard Sayles. The citation to the defendant to attend the taking of the deposition was signed Willard Sayles, Justice of the Peace, and it did not appear by the citation that the deposition was to be taken under a commission. The attorney for the defendant attended at the taking of the deposition. It was objected that the deposition could not be admitted, because it did not appear by the citation that Mr. Sayles was acting as a commissioner. But the Court held that

Kelton & Co. *v*. Montaut.

the objections, if valid, were waved by the defendant attending the taking of the deposition.

The counsel for the defendant objected to the deposition, on the ground that the commissioner was not sworn at the time the deposition was taken.

The Court held that whatever might be the rule as to persons who were not magistrates, the objection did not apply to the present commissioner; for, although the commission was not directed to him as a justice of the peace, yet it appeared he was such and acted as such. The citation and the return were signed by him as a justice of the peace. As a justice of the peace he had power to take the deposition, provided the Court gave an order to that effect.

The defendant's counsel further objected, that subsequent to the issuing of the commission, and prior to the taking of the deposition, the Court granted the continuance of the cause upon condition of the plaintiffs paying costs; and that at the time the deposition was taken the costs were not paid, and that consequently the plaintiffs were non suited. But the Court held that upon the neglect of the plaintiffs to pay the costs the defendant was at liberty to move that the plaintiffs should be non suited, and the Court would order a non suit, unless the conditions of the continuance were complied with, but without such order the case remained in Court.

*Hayes* for plaintiffs.

*Rivers and Payne* for defendant.